[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 578.]

THE STATE EX REL. CLEVELAND STEEL ERECTORS CORPORATION, APPELLANT,

*v.* STEWART ET AL., APPELLEES.

[Cite as *State ex rel. Cleveland Steel Erectors Corp. v. Stewart*, 1999-Ohio-127.]

*Workers' compensation—Employee's death resulting from fall from ten-foot-seven-inch-high beam to concrete floor below—Industrial Commission's additional award for violation of specific safety requirement not an abuse of discretion when company's safety manual explicitly forbids employees to wear safety belts available for their use while "connecting major members" in the construction of a catwalk—Ohio Adm.Code 4121:1-3-03(J)(1).*

(No. 97-2680—Submitted August 25, 1999—Decided September 22, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD09-1136.

———————————

{¶ 1} Appellant, Cleveland Steel Erectors Corporation ("Cleveland Steel"), seeks a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its award to appellee Sandra C. Stewart ("claimant") for Cleveland Steel's violation of a specific safety requirement ("VSSR"). The Court of Appeals for Franklin County denied the writ, finding, in effect, that the commission did not abuse its discretion in granting Stewart's VSSR application. Cleveland Steel appeals as of right.

{¶ 2} In December 1991, claimant's husband, David, was fatally injured while working for Cleveland Steel. David was connecting steel beams for a catwalk, manually guiding suspended beams into position, when he fell from a ten-foot-seven-inch-high beam to the concrete floor below. He was not wearing a safety belt, lifeline, or lanyard as required by Ohio Adm.Code 4121:1-3-03(J)(1) for employees working on "poles or steel frame construction." The autopsy report identified the cause of his death as "pulmonary edema secondary to head injury,"

suggesting that David fell after having a heart attack.

**{¶ 3}** Claimant's application for workers' compensation death benefits was allowed, establishing that her husband was killed as the result of industrial injury. She also applied for an additional VSSR award, alleging that Cleveland Steel had violated Ohio Adm.Code 4121:1-3-03(J)(1), among other regulations. The commission found Cleveland Steel in violation of Ohio Adm.Code 4121:1-3-03(J)(1) because Cleveland Steel's safety manual explicitly forbade employees to wear the safety belts available for their use while they were "connecting major members."

_____

*Christopher J. Shaw,* for appellant.

*Guy Nurren,* for appellee Stewart.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

_____

***Per Curiam.***

**{¶ 4}** Cleveland Steel argues that the commission's VSSR award was an abuse of discretion because (1) Ohio Adm.Code 4121:1-3-03(J)(1) does not sufficiently advise employers of the safety measures applicable to employees working on poles or steel frame construction; and (2) claimant's husband died because of a heart attack, not from his industrial injury. Cleveland Steel also contends that the court of appeals erred by failing to consider its objections to the magistrate's report. We reject all these arguments and affirm the court of appeals' judgment denying the requested writ of mandamus.

**{¶ 5}** Ohio Adm.Code 4121:1-3-03(J)(1) provides:

"Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when engaged in securing or shifting thrustouts, inspecting or working on overhead machines that

support scaffolds, or on other high rigging, on steeply pitched roofs, *by employees at work on poles or steel frame construction*, by employees working on all swinging scaffolds, by all employees exposed to hazards or falling when the operation being performed is more than fifteen feet above ground or above a floor or platform, and by employees required to work on stored material in silos, hoppers, tanks and similar storage areas. Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds." (Emphasis added.)

**{¶ 6}** Cleveland Steel argues that this rule does not clearly require safety belts, lanyards, or lifelines when employees are working on poles or steel frame construction at heights under fifteen feet. We disagree. The fifteen-foot height standard applies only to operations that are not specified in the rule and that expose employees to "hazards of falling." *State ex rel. Taylor v. Indus. Comm.* (1994), 70 Ohio St.3d 445, 448, 639 N.E.2d 101, 104. Thus, the commission properly applied Ohio Adm.Code 4121:1-3-03(J)(1) to the injury sustained by claimant's spouse after he fell only ten feet, seven inches.

**{¶ 7}** Nor are we persuaded by Cleveland Steel's argument that claimant's spouse died of a heart attack rather than his fall. The autopsy report represents some evidence that although David had experienced "pulmonary edema," he was killed by the head injury he sustained from his fall. This evidence supports the commission's having already allowed Stewart's death claim and precludes this court and the court of appeals from disturbing the commission's order through mandamus. *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

**{¶ 8}** Finally, Cleveland Steel claims that the court of appeals did not consider its objections to the magistrate's report, even though the court granted its request for leave to clarify the objections. We find no reversible error.

**{¶ 9}** In its initial effort to object to the magistrate's report, Cleveland Steel

noted only its general disagreement with the report, although it incorporated its hearing brief by reference. Claimant asserted that these objections were not stated with particularity as required by Civ.R. 53(E)(3)(b). In response, Cleveland Steel moved for leave to clarify the objections, and, in the same motion, it specified objections that summarized its arguments to the magistrate, again citing its hearing brief as support.

{¶ 10} The court of appeals granted the motion for leave to clarify, but Cleveland Steel filed nothing further to separately document the additions to its objections. Since Cleveland Steel had apparently elected to stand on its motion, the court of appeals proceeded to judgment based on the record before it. The court adopted the magistrate's report, but not without observing that Cleveland Steel's original objections remained too general.

{¶ 11} To some, this ruling may seem unnecessarily strict. But the fact remains that Cleveland Steel asserted the same arguments for relief before the magistrate as it did in its objections, and the court of appeals indisputably rejected these arguments in adopting the magistrate's report. We see no reason to elevate form over substance by now returning this to the court of appeals to again reject these arguments. Accordingly, we do not reverse on this basis.

{¶ 12} For these reasons, we affirm the court of appeals' judgment denying a writ of mandamus to vacate Stewart's VSSR award.

*Judgment affirmed*
*and writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————