SOLOMON, Appellant,

v.

SOLOMON, Appellee.

[Cite as *Solomon v. Solomon,* 157 Ohio App.3d 807, 2004-Ohio-2486.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03 MA 204.

Decided May 14, 2004.

Louis Katz, for appellant.

Mark Lavelle, for appellee.

VUKOVICH, Judge.

{¶ 1} Plaintiff-appellant, Marla Solomon, appeals from the Mahoning County Common Pleas Court, Domestic Relations Division's denial of her petition for a domestic violence civil protection order against defendant-appellee, Scott Solomon. Appellant alleges that the court erred in entertaining appellee's objection to the magistrate's report because it did not conform to Civ.R. 53(E)(3)(b). Appellant further alleges that the court erred in determining that appellee did not commit an act of domestic violence in the present situation. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶ 2} Appellant and appellee, now divorced, are sharing custody of their children. On July 20, 2003, appellee was scheduled to pick up the children for

visitation but failed to do so at the previously specified time. One of the children made a phone call to appellee, who then told the child that he was coming to pick up the children. Appellant picked up the phone. Appellee told appellant that if she did not give him the children, he would break through the house. Appellee then called the police, who went to appellant's house and told appellant to let appellee take the children for visitation. Appellant complied.

{¶ 3} Two days later, on July 22, 2003, appellant filed a petition for an ex parte domestic violence civil protection order against appellee. The filing was based on the above-described July 20, 2003 incident. When appellant appeared at the domestic relations court, all domestic relations magistrates were unavailable and, thus, the judge properly appointed her law clerk to act as a temporary magistrate.

{¶ 4} A hearing was conducted in front of the appointed magistrate after which she denied the petition for an ex parte order and set the issue for a full hearing. Appellant voiced a desire at this time to dismiss the petition rather than set it for hearing. However, the temporary magistrate did not know how to dismiss the petition and sought the assistance of another magistrate. Upon learning the details of the situation, this second magistrate convinced appellant not to dismiss the petition and set the matter for a full hearing.

{¶ 5} A full hearing was held before a third magistrate on August 14, 2003. Appellant appeared pro se and appellee appeared with counsel. At the end of the hearing, the magistrate issued brief findings of fact and conclusions of law determining that appellee had engaged in domestic violence as is defined by R.C. 3113.31. As a result of this finding, the magistrate issued a civil protective order.

{¶ 6} On August 28, 2003 appellee filed the following objection to the magistrate's order: "As cause, Respondent [appellee] states that no immediate danger or threat has been posed to the Petitioner [appellant], and therefore, there are no grounds for the order to be granted." A hearing on this objection was held on October 21, 2003, after which the domestic relations court sustained appellee's objection and reversed the decision of the magistrate. Accordingly, the court also dismissed both the civil protection order issued by the magistrate and the petition for a civil protection order filed by appellant. It is with these orders of the trial court that appellant now takes exception.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

{¶ 7} Appellant's two assignments of error, which overlap and will thus be treated jointly, are as follows:

{¶ 8} "As Civil Rule 53(E)(3)(b) expressly requires that 'objections shall be specific and state with particularity the grounds of objection,' the trial court erred in allowing objections that were broad, general, and vague."

{¶ 9} "The English language is replete with idiomatic expressions, figures of speech, and colloquialisms. Therefore the trial court erred in determining that the respondent's statements by themselves did not constitute a present incident of domestic violence without placing those statements within the context of respondent's past acts."

{¶ 10} Civ.R. 53(E)(3)(b) instructs parties as to the proper form for objections to a magistrate's decision, stating, "Objections shall be specific and state with particularity the grounds of objection." After the 1995 amendment to Rule 53, the then new Civ.R. 53(E)(3)(b) provision was expanded upon in the Staff Notes, which explained that objections must "be specific; a general objection is insufficient to preserve an issue for judicial consideration."

{¶ 11} In interpreting this provision of Civ.R. 53, it has been held that a mere blanket objection to the magistrate's decision is insufficient to preserve an objection. *Carrino v. Gibson* (June 21, 2000), 9th Dist. No. 2981–M, 2000 WL 799100. When a party submits general objections that fail to provide legal or factual support, "the trial court may affirm the magistrate's decision without considering the merits of the objection." *Waddle v. Waddle* (Mar. 30, 2001), 11th Dist. No. 2000–A–0016, 2001 WL 314659, citing *Parker ex rel. Bradford v. Bricker* (Aug. 9, 2000), 4th Dist. No. 99CA2648, 2000 WL 1175559, and *State ex rel. Cleveland Steel Erectors Corp. v. Stewart* (1999), 86 Ohio St.3d 578, 580, 715 N.E.2d 1159.

{¶ 12} In the instant matter, appellee submitted one objection, which simply stated, "As cause, Respondent [appellee] states that no immediate danger or threat has been posed to the Petitioner [appellant], and therefore, there are no grounds for the order to be granted." Inasmuch as appellee failed to provide any factual reasoning or legal authority to substantiate his objection, the objection failed to meet the specificity requirements of Civ.R. 53(E)(3)(b). See Civ.R. 53(E)(3)(b). See, also, *Waddle*, 11th Dist. No. 2000–A–0016, 2001 WL 314659.

{¶ 13} However, Civ.R. 53(E)(4)(b) dictates the protocol to be followed by the trial court when objections to the magistrate's decision are filed. The rule reads in its entirety:

{¶ 14} "The court shall rule on any objections. The court *may adopt, reject or modify* the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party

demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." (Emphasis added.)

{¶ 15} Thus, even if the trial court had discounted appellee's objection due to the defect in form, the court was not bound to accept the magistrate's decision if it found the decision to be flawed. Rather, the trial court could adopt, reject or modify the order as it saw fit. There is nothing in Civ.R. 53(E)(4)(b) to indicate that the court is in any way limited in its review to those things presented by the parties in the form of objections. Therefore, even if the court improperly entertained appellee's objection, the court still had the discretion to adopt, reject, or modify the magistrate's decision as it sees fit. Thus, this brings us to appellant's contention that the trial court erred in determining that appellee did not engage in domestic violence.

{¶ 16} "When reviewing an appeal from a trial court's decision to adopt, or not adopt, a magistrate's decision, this court must determine whether the trial court abused its discretion." *In re Ratliff*, 11th Dist. Nos. 2001–P–0142 and 2001–P–0143, 2002-Ohio-6586, 2002 WL 31716783, citing *In re Woodburn*, 9th Dist. No. 20715, 2002-Ohio-35, 2002 WL 5179. An abuse of discretion is more than error of law or judgment, but rather it indicates an unreasonable, arbitrary or unconscionable attitude by the court. *Parrish v. Parrish* (2002), 95 Ohio St.3d 1201, 1204, 765 N.E.2d 359 (Lundberg Stratton, J., dissenting).

{¶ 17} Appellant argues that this court is bound by the decision of the magistrate, as it was the magistrate who observed the witnesses and was in the best position to determine the facts. However, there is no dispute as to the determination of the facts in the instant matter, but rather the application of law to these facts. Moreover, when examining the decision by a trial court to adopt or not adopt a magistrate's decision for an abuse of discretion, the focus of this court must be on the trial court's actions and not the decisions of the magistrate. *Ratliff*, 2002-Ohio-6586.

{¶ 18} A person seeking a civil protection order must demonstrate by a preponderance of the evidence that they are in danger of domestic violence. *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus. R.C. 3113.31(A)(1) defines domestic violence to include one or more of the following acts:

{¶ 19} "(a) Attempting to cause or recklessly causing bodily injury;

{¶ 20} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

{¶ 21} "(c) Committing any act with respect to a child that would result in the child being an abused child * * *."

{¶ 22} While no part of the statute refers to the examination of past acts of domestic violence in present cases, courts have held that it is permissible in certain circumstances for a court to consider such past behaviors when determining whether there was an act of domestic violence. *Eichenberger v. Eichenberger* (1992), 82 Ohio App.3d 809, 816, 613 N.E.2d 678. That is because in a situation such as this where the alleged offending act is one that places the assumed victim in fear of harm, "[t]he fear * * * and the reasonableness of that fear could and should be determined with reference to [a petitioner's] history with [the respondent]." Id.

■■ {¶ 23} However, while the court may consider past acts to determine whether the incident at issue constitutes domestic violence, the issuance of a civil protection order cannot be based solely on previous incidents of alleged domestic violence. *Bruner v. Bruner* (Sept. 22, 2000), 7th Dist. No. 99CA285, 2000 WL 1486452. Rather, the petitioner must establish by a preponderance of the evidence that an act of domestic violence occurred on the date set forth on the petition for a civil protection order. Id.; *Eichenberger,* 82 Ohio App.3d at 816, 613 N.E.2d 678. However, in so doing the petitioner may rely on past acts to establish a genuine fear of violence *in the present situation.* See id. at 816, 613 N.E.2d 678.

{¶ 24} In the instant matter, the magistrate granted the petition for a civil protection order. In arriving at this determination, the magistrate issued several findings of fact. The magistrate found that appellee pushed and punched appellant while he was intoxicated in October 2002, that "during the marriage" appellee pushed appellant and swung at her while he was intoxicated, that appellee threw hedge clippers at appellant from atop a ladder in October 2001, and that appellee threw a handful of coins at appellant's face in June 2003. The magistrate also came to a conclusion regarding the July 20, 2003 incident in question, wherein appellee stated that he would break through her house. The magistrate concluded that appellee's statement to appellant caused her to be in fear of harm from appellee, namely, that he would break into her home and injure her. Conversely, the magistrate also stated that appellee's actions on that date did not alone constitute domestic violence. However, when considering the July 20, 2003 statement in light of appellee's past history of behavior toward appellant, the magistrate concluded that appellant was in danger of domestic violence and thus issued a civil protection order.

{¶ 25} The trial court rejected this decision, denied the petition for the civil protection order, and stated the following concerning appellant's alleged imminent fear on July 20, 2003:

{¶ 26} "Moreover, the Court finds that Petitioner did not testify that she believed Respondent's threat was imminent. The Court finds the opposite is true. The Court finds that it was Respondent who called the police to go over to the home with him. Furthermore, it was the police who told Petitioner to give the children to Respondent. Petitioner, herself, testified that she and the children were fine. Surely, if Petitioner was so afraid for her life and her children's lives, she would have been the one who called the police rather than Respondent. Moreover, she would have voiced her concerns over domestic violence to the police. Petitioner did not testify at the full hearing to any concerns being voiced to the police at the time."

{¶ 27} The above reasoning is in line with our decision in *Bruner*. We explained that "[a]bsent an initial, explicit indication that appellee [petitioner] was in fear of imminent serious physical harm from appellant [respondent] on * * * [the date set forth in the petition for a civil protection order], the reasonableness of her alleged fear cannot be determined by reference to her past history with appellant." The trial court's reasoning, which we must give deference to, indicates that appellant did not fear for serious physical harm from appellee on the date set forth in the petition. As a result, any past acts committed by appellee are not part of the equation in determining whether the civil protection order should have been granted. While it is true that past acts may be used to establish a genuine fear of violence *in the present situation*, there must be an indication that the person was fearful in that present situation. See *Eichenberger*, 82 Ohio App.3d at 816, 613 N.E.2d 678. Merely finding that there were *past* acts of domestic violence, without anything more, is not enough to warrant a *present* civil protective order.

{¶ 28} Given our standard of review and the trial court's logical reasoning of the actions taken by appellant and appellee on the date set forth in the petition, we cannot find error in the trial court's decision to reject the magistrate's decision. Without it having been established that there was an act of domestic violence at the time in question it was proper for the court to deny the petition for a protective order. See *Lain v. Ververis* (Oct. 18, 1999), 12th Dist. No. CA99–02–003, 1999 WL 893611 (noting that there must be a present threat of future violence before a civil protection order will be issued or renewed). Therefore, appellant's two assignments of error are without merit.

{¶ 29} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and GENE DONOFRIO, J., concur.