OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Clifford Phillips, appeals the decision of the Mahoning County Court of Common Pleas, Juvenile Division that named Plaintiff-Appellee, Jody DePaul, the residential parent of the parties' minor child and ordered that Phillips's visits with the child be supervised. Phillips raises three issues on appeal.
 {¶ 2} In his first and second assignments of error, Phillips challenges various aspects of a psychological expert's evaluation of him and that expert's recommendation that the visits be supervised. However, this case was tried before a magistrate and Phillips did not raise those issues in his objections to the magistrate's decision. Objections to a magistrate's decision must be specific and any objection not specifically raised is waived. Accordingly, we cannot address the merits of Phillips's first two assignments of error.
 {¶ 3} In his third assignment of error, Phillips contends the juvenile court abused its discretion when it ordered that his visits with the child be supervised. However, his argument presupposes that we will not consider the evidence he addresses in his first two assignments of error when addressing this argument. When this evidence is considered, the record supports the trial court's decision to require that Phillips's visits with the child be supervised. Accordingly, the juvenile court's decision is affirmed.
 Facts {¶ 4} Phillips and DePaul were an unmarried couple who had an informal agreement regarding how often Phillips would get to visit their daughter. Eventually, DePaul sought to formalize their relationship and filed a parentage action on September 27, 2002. Phillips acknowledged that he was the child's parent and asked to be named residential parent. On April 2, 2003, a magistrate entered an order setting a visitation schedule and appointed a guardian ad litem. According to that schedule, Phillips would have occasional visitation for a short period of time with his daughter; he would then be entitled to overnight visitation; and then he would be entitled to the court's standard order of visitation.
 {¶ 5} The day after the first night of overnight visitation, the child told her maternal grandmother that her father had tickled her back and touched her "pee-pee," this child's euphemism for vagina. DePaul called the police and moved to suspend visitation. On May 30, 2003, the magistrate modified the visitation schedule to allow Phillips supervised visitation one day per week for two hours per visit at Hope House. The magistrate also ordered that the parties and the child submit to psychological evaluations.
 {¶ 6} Dr. Marybeth Debrodie examined the child. She found the child's accusations credible and recommended therapy. She also recommended that any visitation between Phillips and the child be supervised.
 {¶ 7} Dr. Stanley Palumbo conducted a psychological evaluation of Phillips. He interviewed Phillips for between an hour and one-half to an hour and forty-five minutes and had Phillips take two different psychological tests. Both Dr. Palumbo and his associate, Mr. Gerald Heinbaugh, recommended supervised visitation.
 {¶ 8} Subsequently, Phillips was evaluated by another psychologist, Dr. Lynn DiMarzio, who did not feel his visits with the child needed to be supervised.
 {¶ 9} The matter was eventually tried before a magistrate on April 28, 2004. At the trial, the guardian ad litem also recommended that the trial court grant supervised visitation to Phillips. At the conclusion of the trial, the magistrate recommended that DePaul be named residential parent and that Phillips's visits with the child continue to be supervised at Hope House.
 {¶ 10} Phillips filed timely objections to the magistrate's decision, claiming that its decision to name DePaul residential parent and to only grant Phillips supervised visitation was an abuse of discretion. Phillips requested that a transcript of the trial be prepared so the trial court could rule on his objections. The transcript was filed on July 14, 2004.
 {¶ 11} On November 19, 2004, the juvenile court entered judgment adopting the magistrate's decision and awarding Phillips supervised visitation at Hope House.
 Procedural Issue {¶ 12} In the first two of his three assignments of error, Phillips argues:
 {¶ 13} "The court committed an error of law and abused its discretion in admitting a psychological report and opinion of Dr. Palumbo into evidence when Dr. Palumbo neither administered nor scored the two psychological tests upon which his report and opinion were based."
 {¶ 14} "The court committed an error of law and abused its discretion in admitting a psychological report and opinion of Dr. Palumbo into evidence that relied on an able assessment, which was administered but not scored by Mr. Jerald Heinbaugh and which is not a generally accepted test in the field of psychology in terms of verifiability and reliability."
 {¶ 15} However, we cannot address the substance of either of these assignments of error since Phillips did not raise these issues in his objections to the trial court. Juv.R. 40(E)(3)(b) requires that a party's objection to a magistrate's decision "be specific and state with particularity the grounds of objection." "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Juv.R. 40(E)(3)(d).
 {¶ 16} In this case, the magistrate gave detailed findings of fact and conclusions of law in its decision. Phillips then filed objections to that decision, but those objections were general, not specific. Those objections argued as follows:
 {¶ 17} "Pursuant [to the magistrate's decision], the Defendant objects to said Magistrate's Decision based upon the fact that the Magistrate committed an error of law and abused her discretion relative to the proceedings in this matter. That is, pursuant to the proceedings in this matter, the evidence as presented to the Court clearly showed the Defendant's ability to parent his child; as well as refuting any allegations of inappropriate conduct by the Defendant with respect to the parties' subject minor child, Alexia DePaul.
 {¶ 18} "Therefore, the Magistrate abused her discretion and committed an error of law with respect to her Order that it is in the subject minor's best interest that the Plaintiff/Mother be designated as the residential parent of the subject minor child; that it was an abuse of discretion and an error of law in determining that the Defendant/Father's companionship shall be supervised at the Hope House for an indeterminate period into the future and that it was an abuse of discretion and an error of law for this Court to order both parties into mediation prior to a Motion to Modify Parental Rights and Responsibilities relative to the above matter in an attempt to resolve the current issues in these proceedings."
 {¶ 19} Notably, these objections do not mention in any way the issues Phillips raises in his first two assignments of error regarding whether the trial court should have admitted the report of Dr. Palumbo despite the fact that the magistrate specifically addressed those issues at paragraph 22 of the decision.
 {¶ 20} As we have previously stated, a party's failure to make a particular argument in its objections to a magistrate's decision waives that argument; general objections do not preserve specific issues. See Solomon v. Solomon, 7th Dist. No. 03 MA 204, 2004-Ohio-2486, at ¶ 11; Jefferson County Child SupportEnforcement Agency ex rel. Brown v. Horkulic, 7th Dist. No. 02 JE 43, 2003-Ohio-1242, at ¶ 10; see also State ex rel. ClevelandSteel Erectors Corp. v. Stewart (1999), 86 Ohio St.3d 578,580-581, 1999-Ohio-0127. Thus, Phillips has waived the arguments in his first and second assignments of error and we will not address them in this appeal.
 Custody Award {¶ 21} In his third assignment of error, Phillips argues:
 {¶ 22} "The magistrate's decision to award Clifford Phillips only restricted supervised visitation with his daughter was based upon the prejudicial evidence received by the court through its court ordered psychological evaluation of Clifford Phillips and said decision was arbitrary and an abuse of the magistrate's discretion."
 {¶ 23} Philips contends that the trial court erred when ordering that his visitation be supervised, but his argument is based on his presupposition that we would find merit in his first two assignments of error and, therefore, discount both Dr. Palumbo's testimony and the conclusions the guardian ad litem reached since the guardian's conclusions were based, at least in part, on Dr. Palumbo's assessment. Since he waived the arguments in his first two assignments of error, his argument in this assignment of error is fatally flawed.
 {¶ 24} A juvenile court has jurisdiction "to determine the custody of any child not a ward of another court of this state." R.C. 2151.23(A)(2). "When a juvenile court makes a custody determination under R.C. 2151.23 and 2151.353, it must do so in accordance with R.C. 3109.04." In re Poling, 64 Ohio St.3d 211, 1992-Ohio-0144, paragraph two of the syllabus. R.C. 3109.04(B)(1) requires that courts take the child's best interests into account when making this determination.
 {¶ 25} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 26} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 27} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 28} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 29} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 30} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 31} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 32} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 33} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 34} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 35} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1).
 {¶ 36} The juvenile court's decision when determining parental rights and responsibilities is entitled to great deference and an appellate court can only overturn that decision if the trial court abused its discretion. Masters v. Masters,69 Ohio St.3d 83, 85, 1994-Ohio-0483. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 37} In this case, there was ample evidence supporting the juvenile court's decision to name DePaul the residential parent and allow Phillips only supervised visitation. The child consistently told the professionals who spoke to her the same story and none of those professionals believed that the child had been coached to give those kinds of answers. During his supervised visits prior to the trial, Phillips demonstrated a consistent inability to obey the rules of Hope House. One of Phillips' former girlfriends previously sought and obtained a civil protection order because Phillips was found hiding in a tree outside her house. The experts who evaluated the child all recommended that Phillips's visits with the child be supervised. The experts who evaluated Phillips all were concerned with some of his past actions, but came to different conclusions regarding whether the visits be supervised. The guardian ad litem recommended that Phillips's visits with the child be supervised.
 {¶ 38} Phillips tried to establish that he could not have molested his daughter when he had overnight visitation and gave explanations for some of his other behavior, such as why he was found in the tree outside his ex-girlfriend's home and why it was difficult to follow the rules at Hope House during his visits. But Phillips's evidence merely spun the basic facts in his favor, it did not disprove the evidence supporting the juvenile court's decision.
 {¶ 39} We will not speculate what result we may have reached when addressing the merits of this assignment of error if Phillips had not waived the issues in his first two assignments of error and we had found them to be meritorious. Based on the evidence in this record, we cannot conclude that the trial court abused its discretion when it ordered that Phillips's visits with his daughter be supervised. The arguments in Phillips's third assignment of error are meritless.
 Conclusion {¶ 40} In his first two assignments of error, Phillips challenges the opinions and recommendations of certain experts. However, since he did not specifically raise these issues in his objections to the magistrate's decision, he has waived them for purposes of this appeal. In his final assignment of error, Phillips argues that the juvenile court abused its discretion when ordering that his visits with the child be supervised, but his argument presupposes that his first two assignments of error are meritorious. When the evidence in the record is reviewed in its entirety, it supports the juvenile court's decision. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.