[Cite as *Pinkney v. Salett*, 2011-Ohio-4121.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96130

---

## PAMELA M. PINKNEY

PLAINTIFF-APPELLANT

vs.

## DON M. SALETT

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Court
Case No. D-333484

**BEFORE:** E. Gallagher, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**    August 18, 2011

**FOR APPELLEE**

Pamela M. Pinkney, pro se
c/o P.O. Box 5672
Cleveland, Ohio    44101

**FOR APPELLANT**

Don M. Salett, pro se
10702 Kinsman Road
Cleveland, Ohio    44104

EILEEN A. GALLAGHER, J.:

{¶ 1}  This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2}  Rev. Pamela M. Pinkney ("Pinkney") appeals from the decision of the trial court, denying her motion for a domestic violence civil protection order.  Pinkney argues that the trial court erred in failing to grant her a civil protection order and that such error has placed her life and the lives of her four children at risk.  Finding no merit to this appeal, we affirm the decision of the trial court.

{¶ 3}  In putting forth her assigned errors, appellant fails to cite to any

legal authority for her claims, a failure that allows this court to disregard her arguments. App.R. 12(A)(2); App.R. 16(A)(7); *State v. Martin* (July 12, 1999), Warren App. No. CA99-01-003, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowski v. State Farm Ins.,* Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

{¶ 4} Notwithstanding the foregoing, this Court finds that the trial court did not err in denying Pinkney's petition for a civil protection order. In the magistrate's opinion filed November 4, 2010, the court specifically found that the basis of Pinkney's fear for her safety arose from past acts that occurred prior to the parties' separation in 2002. The magistrate further found it inconsistent with Pinkney's allegations of fear that she had requested and was provided with a ride from the airport from Salett and that the two were together in a restaurant for their son's birthday party — both without incident. Lastly, the court found that Pinkney failed to establish any evidence of any contemporary act of domestic violence.

{¶ 5} While a court may consider past acts to determine whether the incident at issue constitutes domestic violence, the issuance of a civil

protection order cannot be based solely on previous incidents of alleged domestic violence. *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918; *Bruner v. Bruner,* Mahoning App. No. 99CA285, 2000-Ohio-2554. Rather, the petitioner must establish by a preponderance of the evidence that an act of domestic violence occurred on the date set forth on the petition for a civil protection order. Id.; *Eichenberger v. Eichenberger* (1992), 82 Ohio App.3d 809, 816, 613 N.E.2d 678.

{¶ 6} The trial court's reasoning, to which we must give deference, indicated that appellant did not fear for serious physical harm from appellee on the date set forth in the petition and that past acts of domestic violence, without anything more, was not enough to warrant a present civil protection order. *Solomon*. As a result, any past acts committed by Salett are not part of the equation in determining whether the civil protection order should have been granted. While it is true that past acts may be used to establish a genuine fear of violence in the present situation, there must be an indication that the person was fearful in that present situation. See *Eichenberger*.

{¶ 7} We cannot find error in the trial court's decision to reject the magistrate's decision.

**{¶ 8}** Pinkney's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR

## Appendix

**Assignments of Error:**

> **"This matter is found to be in error in many ways such as the fact that I approached this situation believing that there were people in place who value my life and the lives of my children etc. I could call the role on many detriments that this has caused me but time will not allow for such. The fact that in each instance that I have come to this court and gone to the lower courts on behalf of my children and me only to be told that the law does not accommodate us is an error within itself."**

"I have followed procedure after procedure while trying to protect and provide for myself and my children even as I am doing right now only to be tied up in policy and procedure that closes doors, hearts, minds, hand, ears, and mouths to the value of my time and life."

"The technical errors would be those of the fact that I have gone before the proper authorities previously to get Civil Protection Orders and not only have they been rejected but the one I did finally receive was not enforced as it should have been which caused me to have to flee to another state with four of my children to try to be safe.  Then the order was revoked portraying me to be the criminal."

"Another technical error would be the fact that the courts in this county and state have me at risk right now caught up in technicalities and formalities instead of taking what I have said to be the truth."