[Cite as *Nagorka v. Nagorka*, 2018-Ohio-5269.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

NICHOLAS NAGORKA

    Appellee

    v.

SHEILA NAGORKA

    Appellant

C.A. Nos.    17CA011221
              17CA011222


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    17DV083344
              17DV083349

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

---

CARR, Judge.

{¶1} Appellant, Sheila Nagorka ("Wife"), appeals from judgments of the Lorain County Court of Common Pleas, Domestic Relations Division, granting the petition filed by her estranged husband, Nicholas Nagorka ("Husband"), for a civil protection order against her and, in a separate case, denying her petition for a civil protection order against Husband. This Court affirms both judgments.

I.

{¶2} Although the parties dispute many facts pertaining to the conflicts in their relationship, only the evidence pertaining to alleged domestic violence is relevant here. Following two days of arguing, an alleged incident of domestic violence, and Wife leaving the marital home, Husband filed a petition for a domestic violence civil protection order against Wife. His petition focused primarily on an incident that occurred a few months earlier, after the

couple had been drinking at a bar. He alleged that Wife was driving them home and threatened to kill him, drove at an excessive rate of speed, and ultimately crashed the truck into a ditch. Husband also alleged that Wife had exhibited an ongoing pattern of violence, threats, and erratic behavior toward him.

{¶3} Later that day, Wife filed a separate petition for a domestic violence civil protection order against Husband. She alleged that, two days earlier, Husband had threatened to beat her, which forced her to lock herself in the bathroom and later in her truck to protect herself. Wife later filed a complaint for divorce against Husband, which is still pending in the trial court.

{¶4} A contested hearing was held before a magistrate on both parties' petitions for civil protection orders. The evidence at the hearing focused on two alleged incidents of domestic violence: the truck crash that happened a few months earlier, and an argument that occurred two days before the parties filed their petitions.

{¶5} The magistrate decided that Husband's evidence was more credible, that he should be granted a protection order against Wife, and that Wife's petition should be denied. Wife filed objections to the magistrate's decision in each case. Although the trial court sustained Wife's objections insofar as she disputed one of the magistrate's factual findings, it overruled her objections to the magistrate's ultimate decisions to grant Husband's petition for a domestic violence civil protection order and to deny hers. Wife's separate appeals from each judgment were consolidated for review. She raises three assignments of error, which will be addressed jointly because they are intertwined.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING [HUSBAND'S] CPO PETITION BECAUSE THE EVIDENCE WAS INSUFFICIENT.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY GRANTING [HUSBAND'S] CPO PETITION BECAUSE IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY DENYING [WIFE'S] CPO PETITION.

{¶6} Wife's first assignment of error is that the trial court erred in granting Husband a civil protection order against her under former R.C. 3113.31(D)(1) because his evidence was legally insufficient to demonstrate that she had attempted to cause or recklessly caused physical injury to Husband or that she placed him in fear of serious imminent physical harm. Former R.C. 3113.31(A)(1)(a) and (b). Her second and third assignments of error challenge the trial court's determinations that Husband's evidence was more credible than hers and that he should be granted a civil protection order but she should not.

{¶7} Although the parties presented disputed evidence about the motivations behind their marital discord and alleged attempts by each of them to intermeddle in the other's cell phone call and text history and social media accounts, the only evidence pertaining to violence and/or threats of violence between them involved two incidents: (1) when Wife drove and crashed Husband's truck a few months earlier, and (2) an argument between the parties that occurred two days before each filed for a protection order against the other.

{¶8} As to the first incident, Husband testified that, a few months earlier, he and Wife had been out drinking, got into an argument and, while Wife was driving Husband's truck, she asked him if he wanted to die. For a prolonged period of time, Wife drove the truck at speeds in excess of 90 miles per hour, ran stop signs, narrowly missed hitting a tree on the passenger side, locked up the brakes, and ultimately crashed the vehicle sideways in a ditch. Husband and Wife

were able to walk from the truck, but Husband testified that he was surprised that Wife did not crash the vehicle sooner than she did. They did not call authorities or receive emergency medical assistance, but both got a ride and went home. Husband explained that, before going to bed that night, Wife had threatened to kill him in his sleep if he told anyone about the incident.

{¶9} The next day, law enforcement authorities came to the home to ask about the truck that had been found in the ditch, which was registered in Husband's name. Wife falsely told them that she had been driving the truck but that Husband was not with her, apparently to coincide with what Husband had told them. She was later charged with an offense for operating the vehicle while intoxicated, which was ultimately reduced to a lesser charge.

{¶10} Wife failed to present any evidence to dispute Husband's account of her intoxicated and erratic driving and threats to kill Husband during and after the truck incident. Her only defense against that evidence was that the incident was too long ago to form the basis of Husband's alleged fear that she posed a threat of imminent harm to him.

{¶11} Prior incidents of domestic violence are relevant to determining whether the petitioner's fears were reasonable. *See, e.g.*, *Williams v. Hupp*, 7th Dist. Mahoning No. 10 MA 112, 2011-Ohio-3403, ¶ 31. In fact, "[t]he reasonableness of the fear should be determined with reference to the history between the petitioner and the respondent." *Gatt v. Gatt*, 9th Dist. Medina No. 3217-M, 2002 WL 570389 * 2 (Apr. 17, 2002). "[W]hether an occurrence of domestic violence is recent enough to warrant a civil protection order is a matter committed to the sound discretion of the trial court." *Murral v. Thomson,* 4th Dist. Hocking No. 03CA8, 2004-Ohio-432, at ¶ 10 (upholding a civil protection order based on an incident that occurred more than one year earlier).

{¶12} In this case, in addition to the truck incident from three months earlier, there was evidence of current domestic violence perpetrated by Wife. *See Solomon v. Solomon,* 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 23 (7th Dist.). Although Wife now asserts that Husband had not mentioned the more recent incident in his petition, she raised no objection to his testimony at the hearing, nor did she object to the magistrate's decision on that basis. Moreover, Wife explicitly raised the couple's recent weekend argument as the sole basis for seeking a protection order against Husband.

{¶13} Wife testified that Husband had grabbed her by the throat and threatened to beat her, so she locked herself in her truck and spent the night there armed with saw blades because she feared for her safety. Although Wife presented evidence of text messages between her and her son that night, the substance of the texts did not corroborate her testimony that Husband had put his hands around her throat or threatened to beat her.

{¶14} Husband testified he did not touch or threaten Wife, but that it was Wife who had been violent with him by twice striking him in the face near the eye. He testified that, after striking him, Wife told the children that Husband had hit her and then stormed out of the house to sit in her truck for several hours. Husband's cousin, who had been in the couple's home at the time, testified at the hearing and fully supported Husband's account of what had happened. He testified that Husband had not touched or threatened Wife but that the two had been arguing and Wife twice struck Husband in the face with a closed hand and then stormed out of the house to sit in her truck.

{¶15} Although this Court confines its review to the actions of the trial court in overruling Husband's objections and adopting the magistrate's decision, we also are mindful of the fact that "as the trier of fact, the magistrate was best able to view the

witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred testimony." (Internal quotations omitted). *Truax v. Regal*, 9th Dist. Summit No. 20902, 2002-Ohio-4867, ¶ 26. The magistrate chose to believe Husband's account instead of Wife's. *Id.* Wife has failed to demonstrate that the trial court erred in overruling her objections to the sufficiency or weight of the evidence or in adopting the magistrate's decision to grant Husband's petition for a domestic violence civil protection order and to deny hers. Wife's assignments of error are overruled.

### III.

{¶16} Wife's assignments of error are overruled. The judgment of the Lorain County Court of common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorneyat Law, for Appellant.

JAMES J. SMITH, Attorney at Law, for Appellee.