DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Raymond T. Thrower, appeals from the decision of the Summit County Court of Common Pleas which upheld the decision of the City of Akron Housing Appeals Board. We affirm.
 I. {¶ 2} Mr. Thrower is the owner of real estate located at 882 Cordova Street, Akron, Ohio, located in Summit County. Mr. Thrower was convicted of violating Akron Health Housing Code section 150.10, general maintenance, in Akron Municipal Court, Case No. 97CRB01007. Housing Code section 150.40 requires landowners who have been convicted of violating the Housing Code to be subject to semi-annual mandatory inspections. Mr. Thrower received a notice and order to comply with Housing Code section 150.40. Mr. Thrower argued that Housing Code section 150.40 did not apply to him because he pled no contest, rather than guilty, in the Akron Municipal Court.
 {¶ 3} Mr. Thrower appealed the order to the City of Akron Housing Appeals Board (the "Board"). Upon consideration, the Board denied the appeal. Mr. Thrower appealed the Board's decision to the Summit County Court of Common Pleas. A hearing was held before a magistrate on November 6, 2002. Upon review of the evidence and exhibits, the magistrate denied Mr. Thrower's appeal.
 {¶ 4} Mr. Thrower filed objections to the magistrate's decision with the trial court. The trial court affirmed the magistrate's decision and Mr. Thrower timely appealed the trial court's decision.
 {¶ 5} Mr. Thrower asserts five assignments of error. We will address the assignments of error together for ease of review.
 II. First Assignment of Error
"The Trial Court Erred By Not Addressing The Case On Its Merits Alleging That The Plaintiffs-appellants Praecipe Did Not Contain A Certificate Of Service While Admitting That The Court Reporter Was Served And The Record Was In The File And That Per The Record The Appellant Did Comply With Local rule 18.05, And That The Decision Of The Trial Court If Left To Stand Violates The Appellant's Civil Rights Under The 1, 5, 6, 14th Amendment, Ohio And U.S. Constitution Of `Access To The Courts.'"
 Second Assignment of Error
"Appellee Lost Jurisdiction To Collect/Assess Inspection Fees Since The Statute Of Limitations Has Expired, The Appellee Is Waiting 3 Years To Move To Collect Same, When There Was No Journal Entry Or Otherwise To Assess Same On #97 CRB 1007 Case, Prejudicing Appellant." (sic)
 Third Assignment of Error
"The Defendant, City Of Akron Health Dept., Committed Reversible Error When It Issued Orders To Pay Inspection Fees, When The Issue Of The Inspection Fees Was The Basis Of Two (2) Appeals, In Re The Issue Of The Inspection Fees, Hence Same Did Not Have Jurisdiction To Serve Same In Violation Of Plaintiff's Civil Rights. The Appellant Objects To The Magistrate Not Ruling On This Error, Due Process Rights In Violation Of The Ohio And U.S. Constitutions, 5th And 14th Amendment." (sic)
 Fourth Assignment of Error
"The Trial Court [erred] By Not Considering That Civil Penalties Are Precluded By Ohio Law Under A No Contest Plea, In Violation Of Plaintiff's Due Process Rights, In Violation Of The Ohio And U.S. Constitution, 5th And 14th Amendment." (sic)
 Fifth Assignment of Error
"The Orders Issued By The Department Of Public Health Are Unreasonable, Arbitrary And Capricious And Are Issued Only For the Purpose Of Creating A Soft Real Estate Market In Areas Targeted By The City Of Akron For Acquisition Forcing The Appellant To Sell His Property On Parkwood Avenue, Akron, Ohio At Below Market Prices In Violation Of The Appellant's 5th And 14th Amendment Rights."
 {¶ 6} Mr. Thrower appears to assert the following assignments of error: (1) the trial court erred by not addressing the merits of the case due to Mr. Thrower's failure to include a certificate of service with his praecipe to the Chief Court Reporter regarding transfer of the record; (2) the City of Akron had no jurisdiction to collect inspection fees from Mr. Thrower due to lapse of time; (3) the City of Akron had no jurisdiction to collect inspection fees due to pending appeals; (4) the trial court erred in finding that a plea of no contest may qualify as a conviction under Housing Code 150.40; and (5) the orders issued by the Akron Health Department are unreasonable, arbitrary and capricious, and are issued only for the purpose of creating a soft real estate market in areas targeted by the City of Akron for acquisition.
 {¶ 7} When reviewing a trial court's adoption of a magistrate's decision, the proper inquiry is whether the trial court abused its discretion in ruling on objections to the magistrate's decision. Perrinev. Perrine (Nov. 20, 1996), 9th Dist. No. 17736, citing Mealey v. Mealey
(May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} In his first assignment of error, Mr. Thrower argues that the trial court erred by not addressing the merits of his case. In its order dated March 13, 2003, the trial court stated that "[t]he record has not been submitted to this court for review." The transcript of the docket and journal entries from the trial court indicates that a transcript of the proceedings before the magistrate was filed with the trial court on January 21, 2003. Consequently, the trial court did have a record to review. However, the trial court did not merely rely on the absence of a record when ruling on the objections to the magistrate's decision. Rather, the trial court found that Mr. Thrower's objections to the magistrate's decision consisted of no more than a re-filing of his original brief for summary judgment.
 {¶ 9} Civ.R. 53(E)(3)(b) states that objections to a magistrate's decision "shall be specific and state with particularity the grounds of objection." Civ.R. 53(E)(3)(b) further states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 10} Mr. Thrower's objection to the magistrate's decision states, "[t]he Appellant objects to the magistrate not ruling on this error." Mr. Thrower then proceeded to assert the errors that he presented before the magistrate in his motion for summary judgment. This Court has previously held that such general objections do not meet the standard of specificity required by Civ.R. 53(E)(3)(b). Rogers v. Rogers (Dec. 17, 1997), 9th Dist. No. 18280 (holding that the statement "Plaintiff wish [sic] to object to the Findings of Fact of the Magistrate, as well as errors of law" does not meet the specificity standard of Civ.R. 53(E)(3)(b)).
 {¶ 11} By failing to make specific objections to the trial court, Mr. Thrower waived his right to assert these errors on appeal. We cannot say that the trial court erred; therefore, Mr. Thrower's assignments of error are overruled.
 III. {¶ 12} Mr. Thrower's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.