DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nasser Farshchi, appeals from the judgment of the Lorain County Court of Common Pleas, Probate Division, that overruled his objections to a magistrate's decision finding that his consent to the adoption of his minor daughter was not necessary because he had failed to communicate with her for more than a year. See R.C. 3107.07(A). We affirm.
 {¶ 2} On January 28, 2004, James and G. Dawn Walther filed a petition for the adoption of G.W., a seven-year-old girl who had been living with them since June 7, 2003. G. Dawn Walther was appointed as the child's guardian on December 3, 2003. Apparently due to serious illness, G.W.'s mother was no longer able to care for her. Farshchi is the natural father of G.W. The petitioners alleged that, pursuant to R.C. 3107.07(A), Farshchi's consent to the adoption was not required due to his lack of communication with the child.
 {¶ 3} Following a hearing before a magistrate, the magistrate found that Farshchi's consent to the adoption was not necessary because he had failed without justifiable cause to communicate with G.W. for at least one year immediately preceding the placement of G.W. in the petitioners' home or the filing of the adoption petition. The magistrate determined that the relevant lookback date, for purposes of R.C. 3107.07(A), was December 3, 2003, the date that G. Dawn Walther was appointed as the child's guardian.
 {¶ 4} Farshchi filed written objections to the magistrate's decision and attempted to support his objections with his own affidavit. He did not file a transcript of the hearing before the magistrate, he did not request an extension of time to enable him to do so, nor did he attempt to explain his failure to file a transcript. The trial court overruled his objections and adopted the magistrate's decision.
 {¶ 5} After appealing to this court, Farshchi filed a transcript of the proceedings before the magistrate. He raises two assignments of error on appeal, which will be consolidated for ease of review because the same reasoning applies to each.
 ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law in finding that the appointment of Petitioner Dawn Walther as guardian for the child constituted `placement' of the child for purposes of determination of the one year look back provision of [R.C. 3107.07(A)]."
 ASSIGNMENT OF ERROR II
"The trial court erred in determining that the consent of the natural father, Nasser B. Farshchi, to the proposed adoption of his daughter, [G.W.], was not necessary as the Court failed [to find], and the evidence fails to support a finding that the lack of contact between the father and his daughter was without justification during the requisite one year time period prescribed by statute."
 {¶ 6} Because Farshchi failed to support his objections with a transcript of the hearing before the magistrate, we will not address the merits of most of his arguments. This case was heard by a magistrate, which required Farshchi to comply with the requirements of Civ.R. 53(E)(3) to preserve his right to raise any challenges to this decision on appeal. Although Civ.R. 53(E)(3) has included such a provision for several years, it was amended effective July 1, 2003, to emphasize that a party's failure to specifically object "under this rule" will constitute a waiver of any right to assign error to the trial court's adoption of the magistrate's decision. Civ.R. 53(E) provides, in relevant part:
"(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
"(c) * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
"(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 7} Farshchi did file specific written objections, but he failed to support them with a transcript of the proceedings before the magistrate. Instead, he filed his own nine-paragraph affidavit. We have held that a party may support objections with an affidavit in lieu of a transcript only when: (1) the party demonstrates that a transcript is not available, and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. See, e.g., Csongei v. Csongei (July 30, 1997), 9th Dist. No. 18143, at 3-5. Farshchi failed to comply with either of these requirements. Farshchi's affidavit fails to detail all of the relevant evidence before the magistrate and, more significantly, Farshchi did not demonstrate to the trial court that a transcript was "unavailable." In fact, he demonstrated to this court that a transcript was available, as he filed it two months later on appeal.
 {¶ 8} Consequently, Farshchi failed to comply with the requirements of Civ.R. 53(E)(3)(d) insofar as his challenges pertained to any of the magistrate's factual findings. The trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. See State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730. We are likewise limited to that standard of review. Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091, at 5.
 {¶ 9} The magistrate found, and the trial court adopted those findings, that Farshchi's consent to G.W.'s adoption was not necessary because he had failed to communicate with the child, without justifiable cause, for over one year immediately preceding her "placement * * * in the home of the petitioner." See R.C. 3107.07(A).
 {¶ 10} Farshchi's objections primarily disputed the magistrate's factual findings: (1) that the relevant look-back date for purposes of R.C. 3107.07(A) was December 1, 2003, the date that the petitioner was appointed the guardian of G.W.; and (2) that Farshchi had failed, without justification, to communicate with G.W. for more than one year prior to that date. To the extent that Farshchi challenged those findings, he failed to comply with the requirements of Civ.R. 53(E) and waived his right to raise those challenges either in the trial court or on appeal.
 {¶ 11} We will address Farshchi's challenges to the extent he disputes the trial court's legal conclusions. Part of Farshchi's argument is a legal one: that the appointment of the petitioner as the guardian G.W. could not, as a matter of law, constitute "placement of the minor in the petitioner's home" pursuant to R.C. 3107.07. In support of this legal argument, Farshchi correctly notes that R.C. 3107.07 does not define "placement." He then attempts to define the term by looking to R.C.2151.011(B)(34), a juvenile statute that defines the term "placement for adoption." Initially, we must stress that R.C. 2151.011(B), by its explicit terms, provides definitions of terms "used in this chapter [R.C. 2151, involving juvenile delinquency, abuse, dependency and neglect cases]." That definition would not be applicable here.
 {¶ 12} Moreover, the Ohio Supreme Court has held that the determination of whether a "placement" under R.C. 3107.07 has occurred is a factual one. See In re Adoption of Kreyche (1984), 15 Ohio St.3d 159. The Supreme Court did not look to the definition set forth in R.C.2151.011, but instead set forth several specific factors to be considered, such as whether the child was placed in the home by court order, and emphasized that whether a "placement" has occurred must be determined by looking at "the totality of the circumstances and the facts of each particular case." Id. at 162. Farshchi did not preserve this argument for appellate review because he failed to assert it and he failed to file a transcript to support any challenge to the findings of fact below.
 {¶ 13} To the extent that Farshchi also seems to challenge the trial court's appointment of G. Dawn Walther as the guardian of G.W., that order arose from an entirely different case and its propriety was not before the trial court in this case, nor is it before this court on appeal.
 {¶ 14} Farshchi's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J., concur.