DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Donald Young, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which overruled his objections to a magistrate's decision and modified his child support obligation. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Cynthia Young, were divorced in the State of Colorado. The foreign decree was filed in Summit County on March 24, 2000. On September 19, 2001, the parties filed an agreed judgment entry in which Appellant agreed to pay $400 per month in child support. On September 7, 2004, Appellant filed a motion seeking to terminate the shared parenting plan, to designate himself as the residential parent, to reappoint a guardian ad litem, and to terminate his child support obligation. Appellee filed a cross-motion seeking to modify the parties' shared parenting plan and to increase Appellant's child support obligation. The matter was then referred to a magistrate.
 {¶ 3} On April 13, 2005, the magistrate conducted a hearing on the matters raised by the parties' motions. During the hearing, Appellant presented the testimony of an expert who had performed a vocational assessment on Appellee. During cross-examination of the expert, Appellee's counsel sought to have the testimony stricken because the expert had prepared a report which had not been provided to Appellee. At the close of the hearing, the magistrate took all the matters under advisement. On April 27, 2005, the magistrate issued a decision. In the decision, the magistrate struck the testimony of Appellant's expert in its entirety and increased Appellant's child support obligation. Appellant objected to the magistrate's decision. The trial court overruled Appellant's objections and entered judgment increasing his child support obligation. Appellant timely appealed the trial court's judgment, raising two assignments of error for review. For ease of analysis, we have consolidated Appellant's assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF APPELLANT'S EXPERT WITNESS WHEN THE FIRST OBJECTION TO SUCH TESTIMONY WAS RAISED AFTER THE DIRECT EXAMINATION OF SUCH WITNESS WAS COMPLETED AND CROSS-EXAMINATION HAD COMMENCED."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE CHILD SUPPORT AND REFUSING TO DEVIATE FROM THE CHILD SUPPORT GUIDELINES."
 {¶ 4} In both his assignments of error, Appellant argues that the trial court erred in overruling his objections to the magistrate's decision and entering judgment which increased his child support obligation. This Court finds that Appellant has not preserved his arguments on appeal.
 {¶ 5} As noted, the instant matter was heard by a magistrate, thus requiring Appellant to comply with the requirements of Civ.R. 53(E)(3) to preserve his right to raise any challenges to the decision on appeal. "Although Civ.R. 53(E)(3) has included such a provision for several years, it was amended effective July 1, 2003, to emphasize that a party's failure to specifically object `under this rule' will constitute a waiver of any right to assign error to the trial court's adoption of the magistrate's decision." In re Adoption of G.W., 9th Dist. No. 04CA008609,2005-Ohio-1274, at ¶ 6. Specifically, Civ.R. 53(E)(3) provides in pertinent part as follows:
"(b) Form of objections. Objections shall be specific andstate with particularity the grounds of objection.
"* * *
"(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
Additionally, this Court has previously held that general objections do not meet the requirements of Civ.R. 53(E)(3).Thrower v. Akron, 9th Dist. No. 21518, 2003-Ohio-5361, at ¶ 10.
"In interpreting this provision of Civ.R. 53, it has been held that a mere blanket objection to the magistrate's decision is insufficient to preserve an objection. Solomon v. Solomon,157 Ohio App.3d 807, 2004-Ohio-2486, at ¶ 12. When a party submits general objections that fail to provide legal or factual support, `the trial court may affirm the magistrate's decision without considering the merits of the objection.' Waddle v. Waddle
(Mar. 30, 2001), 11th Dist. No. 2000-A-0016, at [*2], citingParker ex rel. Bradford v. Bricker (Aug. 9, 2000), 4th Dist. No. 99CA2648, [at *2]." Lambert v. Lambert, 11th Dist. No. 2004-P-0057, 2005-Ohio-2259, at ¶ 16.
"[U]nder Civ.R. 53(E)(3)(b), objections must be more than `indirectly addressed': they must be specific." Ayer v. Ayer
(June 30, 2000), 1st Dist. No. C-990712, at *3.
 {¶ 6} Appellant objected to the magistrate's decision as follows:
"Now comes [Appellant] by and through counsel and hereby respectfully objects to the Magistrate's decision dated April 27, 2005.
"In this regard, [Appellant] objects to the following:
"1. Exclusion of Dr. Durgin's testimony as an expert witness.
"2. Failure to find that a deviation in the guideline amount of support on behalf of [Appellant] is in the best interest of the minor child.
"Wherefore, [Appellant] respectfully reserves the right to revise these objections and/or supplement these objections upon careful review of the transcript by way brief."
Appellant, however, did not supplement the above objections.
 {¶ 7} We find that Appellant did not comply with the specificity requirements of Civ.R. 53(E)(3)(b). See Solomon,
supra, at ¶ 12 (finding that respondent's objection which stated "As cause, Respondent [appellee] states that no immediate danger or threat has been posed to the Petitioner [appellant], and therefore, there are no grounds for the order to be granted" was insufficient under Civ.R. 53). See, also, Andrachik v. Ripepi,
9th Dist. No. 22516, 2005-Ohio-6746, at ¶ 12, fn. 3 (finding that objections which state that a magistrate "erred in minimizing the report and recommendation of the guardian ad litem in this matter" and asserting "that the Magistrate's decision is contrary to law" failed to comply with Civ.R. 53). Similar to Solomon
and Ripepi, Appellant's objections are conclusory statements which contain no factual or legal support. As Appellant failed to comply with Civ.R. 53, he has waived his alleged errors on appeal. Civ.R. 53(E)(3)(c). Accordingly, Appellant's first and second assignments of error are overruled.
 III. {¶ 8} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Whitmore, J., Concur.