DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michele Stanley appeals from judgment in favor of Appellee, James Stanley, in the Summit County Court of Common Pleas Domestic Division. We affirm.
 {¶ 2} The marriage between Appellant and Appellee was dissolved in May 13, 2002. As part of the dissolution, the parties entered into a shared parenting plan related to their minor son, T.S. ("SPP"). On August 18, 2004, Appellant filed a notice of intent to relocate T.S. outside of Summit County to Lorain County, Ohio. In response thereto, Appellee filed a response to Appellant's intent to relocate, ex parte motion for restraining order, motion to modify shared *Page 2 
parenting pan and motion to refer to family court services ("Father's Motion"). On August 30, 2004, the trial court granted Appellee's motion for restraining order restraining Appellant from permanently removing T.S. from Summit County and from changing or establishing a new residence for T.S. without written consent of Appellee or the permission of the Court. On the same date, Appellant filed a response to the Father's Motion. Appellant moved to Lorain County with T.S. on or about August 30, 2004.
 {¶ 3} On January 6, 2005, the magistrate issued a decision ordering Appellant to immediately comply with the SPP by reenrolling T.S. into Hudson Montessori school, and to participate in a mediation with Carol Miller of Family Visitation and Mediation Services. The January 6, 2005 magistrate's decision, adopted by the trial court on March 7, 2005, also set an evidentiary hearing for June 2, 2005, which date was later continued to July 29, 2005. Appellant objected to the magistrate's January 6, 2005 order arguing that the SPP does not require her to enroll T.S. in any particular school and that she only need move into Summit County or a county adjacent thereto to be in compliance with the SPP. On March 7, 2005, the trial court overruled Appellant's objections. The trial court also noted the temporary nature of the magistrate's January 6, 2005 decision and then adopted that decision.
 {¶ 4} On July 29, 2005, an evidentiary hearing was held on the Father's Motion. On August 26, 2005, the magistrate issued a decision based on the *Page 3 
evidence heard at that hearing ("Magistrate's Decision"). The Magistrate's Decision, adopted by the trial court on August 26, 2005: (1) terminated the SPP; (2) named Appellee as the residential parent of T.S.; (3) gave Appellant visitation rights per the standard order of visitation; (4) terminated Appellee's child support obligation; (5) provided for the payment of T.S.'s medical expenses; (6) ordered Appellant to pay child support to Appellee; and (7) awarded the tax exemption for T.S. to Appellee. Appellant filed objections to the Magistrate's Decision on August 30, 2005 and a memorandum in support of her objections on November 28, 2005. Appellee filed his opposition to Appellant's objections on February 10, 2006, after leave of the court was granted. Appellant responded to Appellee's February 10, 2006 response the same day.
 {¶ 5} Finally, on September 25, 2006, the trial court overruled Appellant's objections and issued a judgment entry adopting the Magistrate's Decision. ("Judgment Entry"). Appellant timely appealed the Judgment Entry raising four assignments of error.
 Assignment of Error I "The trial court erred in terminating the shared parenting plan and designating father residential parent."
 {¶ 6} Appellant asserts that the trial court erred when it sua sponte terminated the SPP contrary to the best interests of T.S., to penalize Appellant for her decision to relocate T.S. We disagree. *Page 4 
 {¶ 7} This Court reviews the trial court's termination of a shared parenting plan for an abuse of discretion. Morrison v. Morrison (Nov. 15, 2000), 9th Dist. No. 00CA0009, at *2, citing Masters v. Masters
(1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.Miller v. Miller (1988), 37 Ohio St.3d 71, 73. An appellate court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 8} We begin by noting that the trial court can sua sponte terminate a shared parenting plan "whenever it determines that shared parenting is not in the best interest of the children." R.C. 3109.04(E)(2)(c). Thus, the fact that neither party requested that the SPP be terminated has no effect on our analysis.
 {¶ 9} To reallocate parental rights, the trial court must find
 "that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree and that modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by * * * the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) the residential parent agrees to a change in the residential parent[;]
 * * *
 "(iii) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of the environment to the child." R.C. 3109.04(E)(1)(a) *Page 5 
 {¶ 10} Once a trial court determines that a change of circumstances has occurred, R.C. 3109.04(F)(1) sets forth the factors that the trial court must consider to determine the best interest of the child vis-à-vis the allocation of parental rights:
 "(F)(1) In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
 "(a) the wishes of the child's parents regarding the child's care;
 * * *
 "(c) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) the child's adjustment to the child's home, school, and community;
 "(e) the mental and physical health of all persons involved in the situation;
 "(f) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 * * *
 "(h) whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court[.]"
 {¶ 11} "In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited *Page 6 
to, the factors enumerated in division (F)(1) of this section * * * and all of the following factors:
 "(a) the ability of the parents to cooperate and make decisions jointly, with respect to the children;
 "(b) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 "(c) any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 "(d) the geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting[.]" R.C. 3109.04(F)(2)
 "When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition." R.C. 3109.04(F)(3).
 {¶ 12} Appellant contends that:
1. Her relocation is not a change of circumstances;
2. Even if the trial court properly found a change of circumstances based on her relocation, none of the R.C. 3109.04(E)(1)(a) factors, as set forth above, were applicable here, and the trial court must find one in order to reach its decision; and
3. Even if the trial court properly found a change of circumstance and one of the three R.C. 3109.40(E)(1) factors, it was not in the best interest of T.S. for Appellee to be designated residential parent and/or for the SPP to be *Page 7 
terminated. The trial court erred in its application of the "best interest of the child" test set forth in R.C. 3109.04(F). Appellant asserts that the trial court focused solely on the negative aspects of her decision to relocate and its impact on Appellee's visitation rights while ignoring the other factors set forth in the statute that weigh in favor of Appellant.
 {¶ 13} We begin by noting that "[w]hile the better practice would be for a court to explicitly find [the statutory requirements under R.C.3109.04(E)(1)(a)] before delving into the issue of the best interests of the child, we will affirm a decision where the factual findings of the court support a finding of changed circumstances. Explicit language is preferable, but not necessary." Nigro v. Nigro, 9th Dist. No. 04CA008461, 2004-Ohio-6270, at ¶ 6. Moreover, this Court has held that while the trial court must expressly consider each of the best interest factors under R.C. 3109.04(F) in its judgment, the court need not explicitly reiterate its findings with regard to those factors absent a Civ.R. 52 request for findings of fact and conclusions of law. Matis v.Matis, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, at ¶ 6, citingMorrison at 7, fn. 3. The trial court's judgment entry states that it based its determination on R.C. 3109.04(E)(1) and (2) and 3109.04(F). Absent a Civ.R. 52 request, this is enough. Appellant did not request findings of fact and conclusions of law.
 {¶ 14} Thus, we will ignore any deficiency in the express language of the Judgment Entry vis-à-vis each of the requirements set forth in R.C.3109.04(E)(1), *Page 8 
(E)(2) and (F). Our review shall consist of whether or not the trial court abused its discretion when it found that a change of circumstance had occurred, that it was in the best interest of T.S. to designate Appellee as the residential parent, and that it was in the best interest of T.S. to terminate the SPP.
 {¶ 15} Based upon the evidence, the magistrate found the following best interest factors applicable: R.C. 3109.04(F)(1)(a), (c), (d), and (f) and 3109.04(F)(2) (a), (c), and (d). With regard to these factors, the magistrate found that:
 "3. Father wants the parties to continue to share time with [T.S.] and have equal involvement in decision making. Mother wants to control Father's access to [T.S.] and thwart his ability to participate in [T.S.'s] life. She disregards the shared parenting plan and disobeys court orders.
 "4. T.S. was adjusted to the school he was attending prior to Mother's move. He would have made a change for kindergarten; however the shared parenting plan requires that the parties consult with each other prior to making such a change. * * *
 "5. T.S. has friends in Father's home community. He has participated in sports there and Father had the opportunity to be his coach. This was summarily terminated by Mother's unilateral choice to move.
 "6. Mother's disregard of the shared parenting plan and unilateral change to the visitation schedule clearly shows she is not willing to honor or facilitate Father's rights or companionship.
 "7. For whatever reason, Mother has become unwilling to cooperate in joint decision making. She is unwilling to encourage T.S.'s contact with his Father. She has attempted to manufacture a `"history"' of violence by Father involving Twinsburg, Hudson and Avon Lake police in recent situations. She is not able to function in a shared parenting environment." *Page 9 
 {¶ 16} In the Judgment Entry, the trial court set forth specific factual findings, and agreed with the magistrate's entire decision, including, but not limited to the termination of the shared parenting plan and designation of Appellee as the residential parent of T.S. The court found that the:
 "3. Mother disregarded the shared parenting plan in an effort to control Father's access and thwart his ability to participate in the minor child's life. Additionally, * * * Mother was unwilling to cooperate in joint decision making and attempted to manufacture a history of violence by Father by complaining to and involving various police departments. [I]t is in the best interest of the child that the shared parenting plan be terminated[.]"
 {¶ 17} Evidence at hearing supported each of the trial court's findings. At the hearing, Appellee testified that Appellant never consulted him about moving to Avon Lake with T.S. and that pursuant to the SPP, she was required to obtain his (or the court's) permission before relocating. Appellant acknowledged that she received a temporary restraining order in November of 2004, but did not move back to Summit County because T.S. was already enrolled in school.
 {¶ 18} After the move, Appellee testified that he did not get to see T.S. as often as he used to see him and that his relationship with his son suffered. After Appellant moved, it was much more difficult for him to be involved in T.S.'s daily life. Appellant admitted to denying Appellee visitation on at least two occasions and acknowledged that her attorney wrote a letter to Appellee's attorney changing the visitation schedule set forth in the SPP. *Page 10 
 {¶ 19} Before Appellant moved, T.S. attended Hudson Montessori school, for which Appellee paid. T.S. was involved in swimming, biking, soccer, basketball and played T-ball for two summers. Appellee picked T.S. up from school, took him to doctors and was involved with all of his sports activities, including acting as an assistant coach for his T-ball team. T.S. had lots of friends in the Twinsburg community. Appellee testified about a conversation he had with Appellant after she moved during which Appellant told him that T.S. wanted to live with him.
 {¶ 20} Appellee further testified that after she moved, Appellant unilaterally changed his visitation schedule as set forth in the SPP to the standard order of visitation. Appellee indicated that if he did not do as the Appellant wished, he could not see his son. Appellant also required Appellee to drive to a public location, like a Taco Bell, to pick up T.S. for visitation in violation of the terms of the SPP. Appellant acknowledged that she required Appellee to pick T.S. up and drop him off at a public place due to previous altercations with Appellee.
 {¶ 21} Appellee testified that the parties had agreed to send T.S. to Hudson Montessori, Seton Catholic or St. Cosmos and Damien and that Seton Catholic was the parties' preference. The parties never discussed and/or agreed to send T.S. to Avon Lake schools.
 {¶ 22} Appellee further testified that Appellant refused to provide him with T.S.'s immunization records and the names of T.S.'s new physicians in Avon *Page 11 
Lake. Appellant refused to provide him with T.S.'s T-ball schedule and/or directions to the fields in Avon Lake until the season was almost over.
 {¶ 23} On the issue of the police reports, Appellee acknowledged that Appellant filed police reports on two occasions. Appellee indicated that he did call Appellant a name and/or yelled at Appellant, but denied that he threatened physical violence.
 {¶ 24} The family court services coordinator, Ms. Davis, testified that Appellee was very involved in T.S.'s life, school and extracurricular activities. She testified that the parties spent almost equal time parenting T.S. Finally, Ms. Davis testified that Appellant never had problems with Appellee letting her see T.S. and the Appellee was more likely to facilitate the court ordered visitation schedule than vice versa.
 {¶ 25} Based on the foregoing and our review of the record, we find that the trial court did not abuse its discretion in terminating the shared parenting plan and designating Appellee as the residential parent of T.S. The determination of the magistrate and the trial court was not unreasonable, arbitrary or unconscionable.
 {¶ 26} Appellant's first assignment of error is overruled.
 Assignment of Error II "The trial court erred in its decision granting Appellant the standard order of visitation." *Page 12 
 {¶ 27} Appellant asserts that based on the provisions of 3109.051(F)(2), the trial court has the discretion to deviate from standard order of visitation and the trial court's failure to do so here was erroneous.
 {¶ 28} As noted above, this case was heard by a magistrate. Accordingly, Appellant was required to comply with the requirements of Civ.R. 53(D)(3)(b) to preserve her right to raise any challenges to the decision on appeal. "`A party's failure to specifically object [under Civ.R. 53] will constitute a waiver of any right to assign error to the trial court's adoption of the magistrate's decision.'" Young v.Young, 9th Dist. No. 22891, 2006-Ohio-2274, at ¶ 5, quoting In reAdoption of G.W., 9th Dist. No. 04CA008609, 2005-Ohio-1274, at ¶ 6. Civ.R. 53(D)(3)(b)(ii) provides in relevant part:
 "(ii) Specificity of Objections. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.
 * * *
 "(iv) [A] party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion whether or not specifically designed as a finding of fact or conclusion of law * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
Summit County Domestic Relations Division Loc.R. 12.03(B) states that, "[a]ll objections shall be specific and state the grounds of objection with particularity."
 {¶ 29} "Additionally, this Court has previously held that general objections do not meet the requirements of Civ.R. 53." Young at ¶ 5, citing Thrower v. Akron, *Page 13 
9th Dist. No. 21518, 2003-Ohio-5361, at ¶ 10. "In interpreting this provision of Civ.R. 53, it has been held that a mere blanket objection to the magistrate's decision is insufficient to preserve an objection."Young at ¶ 5, citing Solomon v. Solomon, 157 Ohio App.3d 807,2004-Ohio-2486, at ¶ 12. "When a party submits general objections that fail to provide legal or factual support, `the trial court may affirm the magistrate's decision without considering the merits of the objection."' Young at ¶ 5, quoting Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, at [*2] (citations omitted). "[Objections must be more than `indirectly addressed': they must be specific."Young at ¶ 5, quoting Ayer v. Ayer (June 30, 2000), 1st Dist. No. C-990712, at *3.
 {¶ 30} Appellant objected to the magistrate's decision vis-à-vis the standard visitation order as follows:
 "Mother further objects to the Magistrate' [sic] decision regarding Mother's visitation * * * as will be more fully set forth in the Defendant's Memorandum, [which] will be filed no later than fourteen (14) days after the filing of the transcript of proceedings[.]"
 {¶ 31} In the referenced Memorandum, Appellant fails to cite any law or make any argument to support her objection to the standard visitation order. In fact, she does not even reassert her general objection to the standard visitation order.[1] *Page 14 
 {¶ 32} For the foregoing reasons, we find that Appellant did not comply with the specificity requirements of Civ.R. 53(D)(3)(b)(ii) or Loc.R. 12.03(B). See Young at ¶ 7; Solomon at ¶ 12; Andrachik v.Ripepi, 9th Dist. No. 22516, 2005-Ohio-6746, at ¶ 12, fn.3. As with the above cases, Appellant's objection to the standard visitation order has no factual or legal support. "As Appellant failed to comply with Civ.R. 53, [s]he has waived h[er] alleged errors on appeal." Young at ¶ 7. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error III "The trial court erred in calculating Appellant's child support obligation."
 Assignment of Error IV "The trial court erred in awarding the tax dependency exemption to the custodial parent."
 {¶ 33} In her third and fourth assignments of error, Appellant asserts that the trial court's determinations of her income and subsequent calculation of child support based on that income are erroneous. She further asserts that the trial court erred when it did not apply R.C.3119.82 and award the tax exemption to her.
 {¶ 34} As noted at length in our discussion of Appellant's second assignment of error, a party waives the right to assign an error if that party does not specifically object to the magistrate's findings. The specificity requirement *Page 15 
includes citation to law as well as relevant facts to support the objection. In her objections to the Magistrate's Decision, Appellant states that:
 "Mother further objects to the Magistrate' [sic] decision regarding Mother's * * * child support, and tax dependency, * * * which will be more fully set forth in the Defendant's Memorandum."
 {¶ 35} As with Appellant's purported objection to the standard visitation order, however, Appellant fails to "cure" her general objection in the Memorandum stating only that "Mother objects to the Magistrate's decision regarding Child support and allocation of Federal Tax benefit in that the Magistrate failed to consider the economic benefit of the tax exemption and erroneously imputed income to Mother." Appellant cites no facts in the record or law to support her objections. Appellant has failed to comply with Civ.R. 53 and Loc.R. 12.03 and thereby has waived her right to assign as error the trial court's findings vis-à-vis child support calculations and the tax exemption.
 {¶ 36} Appellant's third and fourth assignments of error are overruled.
 {¶ 37} Each of Appellant's assignments of error is overruled and the judgment of the trial court is affirmed.
 Judgment Affirmed. *Page 16 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
[1] We note, however, that Appellant may request a change in visitation rights and "need make no showing that there has been a change in circumstances in order for the court to modify those rights."Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph two of the syllabus.