[Cite as *Krohn v. Krohn*, 2016-Ohio-8379.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

David L. Krohn                                         Court of Appeals No. WD-16-010

      Appellant                                         Trial Court No. 14DR017

v.

Darlene K. Krohn                                      **DECISION AND JUDGMENT**

      Appellee                                           Decided:  December 23, 2016

* * * * *

David L. Krohn, pro se.

Mollie B. Hojnicki-Mathieson, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this divorce case, appellant, David Krohn, appeals from the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, granting the divorce and dividing the parties' assets and liabilities.  For the reasons that follow, we affirm.

## I. Background and Procedural Facts

{¶ 2} Appellant and appellee, Darlene Krohn, were married on May 15, 1981, in Toledo, Ohio. They have one child together, who is now over the age of 18 and emancipated. The parties have been living separate and apart since November 8, 2010.

{¶ 3} On January 22, 2014, appellant filed a complaint for divorce. The matter proceeded, and a final hearing on the divorce was held on December 15, 2014, and February 10, 2015. Following the hearing, the magistrate issued her decision on April 2, 2015, in which she awarded appellant several items of non-marital property, ordered the marital property to be sold at auction and the proceeds divided evenly, ordered that each party shall be liable for the debt in his or her name, declined to award spousal support, and ordered that appellee pay appellant $200 in attorney fees.

{¶ 4} On April 17, 2015, appellant filed objections to the magistrate's decision, and he filed additional objections on July 10, 2015. Appellee opposed the objections. On February 11, 2016, the trial court overruled the objections and adopted the magistrate's decision. The trial court's final judgment entry granting the divorce was filed on February 12, 2016.

## II. Assignments of Error

{¶ 5} Appellant now timely appeals the February 12, 2016 judgment, asserting nine assignments of error for our review:

> 1. The trial court erred in law and abused its discretion in simply rubber-stamping the magistrate's decision.

2.

2. The trial court erred in law and abused its discretion in failing to award appellant his separate property.

3. The trial court erred in law and abused its discretion in its distributive award of marital property against the appellant.

4. The trial court erred in law and abused its discretion when it ordered appellant David to pay all marital debt.

5. The trial court erred in law and abused its discretion when its decisions were not based on the manifest weight of the evidence.

6. The trial court erred in law and abused its discretion when not ordering support from the appellee to the appellant because of the vast difference in income.

7. The trial court erred in law and abused its discretion in not finding the appellee in contempt of court for fraudulent disposition of assets against the court order.

8. The trial court erred in law and abused its discretion in finding the testimony of the witness to be credible which was against the manifest weight of the evidence, transcript in whole, as detailed by Motion for Objection to Magistrate's Decision.

9. The trial court erred in law and abused its discretion in not following the rules of the Ohio Code of Judicial Conduct.

## III. Analysis

{¶ 6} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his first assignment of error.

### A. Review of Magistrate's Decision

{¶ 7} In his first assignment of error, appellant argues that the trial court erred in adopting the magistrate's decision. "In ruling on objections [to a magistrate's decision], the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). We review the decision of a trial court overruling objections to a magistrate's decision for an abuse of discretion. *Palmer v. Abraham*, 6th Dist. Ottawa No. OT-12-029, 2013-Ohio-3062, ¶ 10. An abuse of discretion connotes that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "Moreover, when examining the decision by a trial court to adopt or not adopt a magistrate's decision for an abuse of discretion, the focus of this court must be on the trial court's actions and not the decisions of the magistrate." *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918, ¶ 17 (7th Dist.).

{¶ 8} In support of his assignment of error, appellant makes the blanket assertion that the trial court adopted the magistrate's decision without conducting an independent review. However, in its February 12, 2016 judgment entry, the trial court acknowledged its February 11, 2016 judgment in which it overruled appellant's objections. In the

4.

February 11, 2016 entry, the court expressly stated that it fully considered the objections filed, and "fully and independently considered the Magistrate's Decision and all pertinent pleadings, memoranda, authorities, and information filed or provided to the Court, deposition, motion(s), [and] court hearing transcripts." Therefore, we find appellant's unsupported assertion of a lack of an independent review to be without merit, and we hold that the trial court did not abuse its discretion in adopting the magistrate's decision.

{¶ 9} Accordingly, appellant's first assignment of error is not well-taken.

## B.  Determination of Separate Property

{¶ 10} In his second assignment of error, appellant argues that the trial court erred in determining that a 1973 Corvette was marital property and not his separate property. Relevant here, "'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:  * * * (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii).  "The party seeking to have property declared separate has the burden of proof by a preponderance of the evidence." *Dunham v. Dunham*, 171 Ohio App.3d 147, 2007-Ohio-1167, 870 N.E.2d 168, ¶ 20 (10th Dist.).

{¶ 11} "On appeal, a trial court's classification of property as marital or separate is reviewed under a manifest weight standard." *Miller v. Miller*, 6th Dist. Sandusky No. S-12-035, 2013-Ohio-5071, ¶ 22.  The standard of review for manifest weight is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-

5.

2179, 972 N.E.2d 517, ¶ 17. As such, we must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* at ¶ 20. In so doing, "the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶ 12} Here, the trial court found that both parties claimed that the 1973 Corvette was separate property. The testimony and evidence reveals that the car was purchased in 1978 while the parties were a couple, and was titled in appellee's name. Appellee testified that they both purchased the car, and then two months before their marriage in 1981, appellee transferred the car to appellant for $35. Appellee testified that this transfer was done for insurance purposes. Appellant, on the other hand, testified that he purchased the car for appellee, and only had it initially titled in her name for insurance purposes, since she was the person driving the car at the time.

{¶ 13} The trial court concluded that neither party provided sufficient evidence to prove that the car was separate property. Upon review, we do not find this conclusion to be against the manifest weight of the evidence. In this case, there was conflicting testimony as to who originally provided the funds to purchase the car. Further, the evidence shows that the car was originally titled in appellee's name, but was later transferred to appellant shortly before the marriage. Thus, both parties had evidence establishing an ownership interest. Therefore, we hold that the trial court did not lose its

6.

way or create a manifest miscarriage of justice when it determined that neither party proved that the car was his or her separate property.

{¶ 14} Accordingly, appellant's second assignment of error is not well-taken.

### C. Division of Marital Property

{¶ 15} Appellant next challenges the trial court's division of the martial property and liabilities in his third, fourth, sixth, and seventh assignments of error. Specifically, appellant's third assignment of error pertains to the division of marital property, his fourth assignment of error pertains to the division of marital liabilities, his sixth assignment of error incorporates the court's failure to award spousal support, and his seventh assignment of error challenges the lack of a distributive award based on appellee's alleged financial misconduct.

{¶ 16} "Trial courts are given broad discretion in determining property division, subject to review on appeal under an abuse of discretion standard." *Jackson v. Jackson*, 6th Dist. Fulton No. F-12-013, 2014-Ohio-1145, ¶ 20, citing *Koegel v. Koegel*, 69 Ohio St.2d 355, 357, 432 N.E.2d 206 (1982).

> Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital

7.

property, the court shall consider all relevant factors, including those set forth in division (F) of this section. R.C. 3105.171(C)(1).

{¶ 17} Here, the trial court ordered the marital property to be sold and the proceeds to be divided evenly. The court also ordered that each party shall pay all debts in his or her own individual name. Appellant argues in his third assignment of error that this division constituted an abuse of discretion because it did not contemplate "the conduct of the appellee," or the evidence showing that he had "a significant amount of cash and assets before entering into the marriage." Further, in his fourth assignment of error, appellant contends that the division of assets and liabilities was inequitable as evidenced by the court ordering the proceeds from the sale of a 1994 truck to be divided evenly, but ordering appellant to pay the 1991 promissory note from his father that was given to pay for the truck.[1]

{¶ 18} Upon our review of the record, we do not find that the trial court's distribution of assets was unreasonable, arbitrary, or unconscionable, even though appellant was to be responsible for significantly more debt. In this case, the court's judgment entry lists the factors that it must consider pursuant to R.C. 3105.171(F) in making its division of property. The court then determined that an equal distribution of property was equitable. As to the debt, the evidence at trial revealed that appellant had

---

[1] Appellant also points to the division of court costs as further evidence of an inequitable division, asserting that he was ordered to pay 83% and appellee was ordered to pay 17%. Contrary to appellant's assertion, the trial court's judgment entry states, "Court costs shall be paid from the deposit and for any balance each party shall pay 1/2 the costs for which sum judgment is granted to Wood County."

8.

monthly expenses that exceeded his income, and he maintained his standard of living by borrowing from credit cards. Further, the court noted that the parties have been living separate and apart for four years, during which time appellant's indebtedness has increased. Finally, the evidence showed that each party had a retirement account that had been cashed out, and that appellant's account was valued at $40,000 while appellee's account was only valued at $7,000. In light of this evidence, we hold that the trial court's equal division of property was not an abuse of discretion.

{¶ 19} Turning now to the issue of spousal support raised in his sixth assignment of error, appellant argues that the trial court's division of marital property was inequitable in light of its failure to award spousal support. A trial court's decision whether to award spousal support will not be reversed on appeal absent an abuse of discretion. *Basista v. Basista*, 6th Dist. Wood No. WD-14-076, 2016-Ohio-146, ¶ 30. R.C. 3105.18(C)(1) sets forth a list of factors the trial court must consider when deciding whether to award spousal support, including the income of the parties, the relative earning abilities of the parties, and the relative assets and liabilities of the parties. Here, the trial court found that appellant has the skills and experience to continue working in the construction industry, and also has the ability to work on, and sell, cars. Further, the court found that appellant continues to live a lifestyle that is inconsistent with his stated income, thereby adding to his consumer debt without any regard to his ability to pay. Finally, the court found that the parties had been separated for over four years and have been responsible for their own day-to-day living expenses. Based upon the trial court's findings, we cannot say that the

9.

court's division of property in conjunction with its decision not to award spousal support constituted an abuse of discretion.

{¶ 20} Finally, in his seventh assignment of error, appellant argues that the court erred in failing to find appellee in contempt of court and failing to order a distributive award to appellant based on the fact that appellee sold a car while the divorce was pending in violation of a court order not to dispose of any assets. Appellee's testimony at trial reveals that she did indeed sell a 2002 Honda Civic for $250.

{¶ 21} R.C. 3105.171(E)(4) provides, "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." "To find misconduct, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets." *Epperson v. Epperson*, 6th Dist. Wood No. WD-14-054, 2015-Ohio-2443, ¶ 40, quoting *Thomas v. Thomas*, 2012-Ohio-2893, 974 N.E.2d 679, ¶ 63 (5th Dist.). "Once financial misconduct is established, the decision to make a compensating distributive award rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Id.* at ¶ 41.

{¶ 22} In this case, the trial court did not make a finding of financial misconduct, and did not order a distributive award. Because the amount in question is so small, and

10.

because there does not appear to be any sinister motive behind selling the car, we cannot say that the trial court's failure to make a finding of financial misconduct was unreasonable, arbitrary, or unconscionable. Therefore, we hold that the trial court's failure to order a distributive award was not an abuse of discretion.

{¶ 23} Accordingly, appellant's third, fourth, sixth, and seventh assignments of error are not well taken.

### D. Credibility of Witnesses

{¶ 24} In his fifth and eighth assignments of error, appellant argues that the trial court's decision was against the manifest weight of the evidence and an abuse of discretion where it was based on "the perjured and false statements made under oath by the Appellee and her witness, and not the factual evidence presented by the Appellant." Notably, appellee's witness was appellant's 95-year-old father. We also note that, in his brief, appellant does not specify what part of the trial court's judgment was based on the allegedly false testimony.

{¶ 25} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Here, we have

11.

reviewed the transcript from the trial, and have found nothing that would overcome the deference afforded to the trial court regarding its determination of the credibility of the witnesses. Therefore, we find appellant's generalized arguments to be without merit.

{¶ 26} Accordingly, appellant's fifth and eighth assignments of error are not well-taken.

### E. Code of Judicial Conduct

{¶ 27} In his ninth and final assignment of error, appellant invokes the Ohio Code of Judicial Conduct, and "claims the Magistrate was prejudiced and Bias (sic) against him as the decision shows it is so infused with personal animosity against the Appellant. Which is an example of the Abuse of Discretion (sic)."

{¶ 28} Notably, "[T]his court may not pass upon the disqualification of a common pleas court judge or void rulings made by the trial court on grounds that the trial court exhibited bias or prejudice. * * * [T]he trial court's alleged violations of the Code of Judicial Conduct are not cognizable on appeal." *Parker v. Elsass*, 10th Dist. Franklin Nos. 01AP-1306, 02AP-15, and 02AP-144, 2002-Ohio-3340, ¶ 21, citing *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA09, 2002-Ohio-2541, ¶ 18. Nonetheless, our review of the record has led us to the conclusion that the magistrate and trial judge acted appropriately, and there is no indication of bias or unethical conduct in their actions.

{¶ 29} Accordingly, appellant's ninth assignment of error is not well-taken.

12.

## IV. Conclusion

**{¶ 30}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.